ANNIE O'KEEFE and Others, Respondents, *v.* GERTRUDE CORLESS, Appellant, Impleaded with SINALOA EXPLORATION AND DEVELOPMENT COMPANY, Defendant.

First Department, December 5, 1930.

*Maurice Knapp*, for the appellant.

*Paul Jones*, for the respondents.

McAVOY, J. The present plaintiffs have brought this derivative action as stockholders of the defendant corporation to recover moneys alleged to have been converted by the appellant Gertrude Corless. The suit was commenced in the year 1925.

During the pendency of this action a receiver for said corporation was appointed in its home State, Delaware, and thereafter and by order of the Supreme Court, New York county, dated June 24, 1926, James Drury and Rudolph Langfelder were appointed ancillary receivers of said corporation in this State.

The ancillary receivers' application for substitution as plaintiffs was not made until June 30, 1930. The motion was opposed by appellant in the Supreme Court, Special Term, upon the ground that said ancillary receivers had been discharged by order of the court, made and entered in the office of the clerk of the county of New York on December 4, 1929, and in support of such contention

defendant submitted the affidavit of the domiciliary receiver, John B. Hutton, who requested to be substituted as the plaintiff.

In granting the motion the Special Term rested its decision solely upon the ground that the justice who signed the order of discharge had construed the order as meaning that the ancillary receivers are not discharged as long as any property remains in this State unadministered and not turned over to the foreign receiver. The relevant part of the order of discharge recites as follows:

" Ordered that said Ancillary Receivers and any and all other persons having possession thereof also turn over to the said Delaware Receiver or his said attorney on demand all other assets, property, books, papers and documents in their possession; and it is further

" Ordered that upon making such payment and turning over said property the said Ancillary Receivers be, and in that event they hereby are discharged and their undertaking cancelled."

This order of discharge does not disclose one reservation of power to the ancillary receivers to continue as such for any purpose. We do not construe the order of discharge as meaning that the ancillary receivers are not discharged as long as any property remains unadministered in this State.

We think that the permanent receiver has power to take over this litigation and continue the same and may do so, if advised.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the foreign receiver to apply for an order of substitution as plaintiff in this action.

DOWLING, P. J., MERRELL, FINCH and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the foreign receiver to apply for an order of substitution as plaintiff in this action.